Missouri, Kansas & Texas Railway Company v. J. H. Walden.

Decided December 2, 1901.

1.—Master and Servant—Negligence of Foreman.

Where plaintiff and other colaborers were pulling the lower end of a brace from a building by a rope, and the brace striking an obstruction, the foreman directed plaintiff to raise it over, and then, although plaintiff had requested him to wait, ordered the other workmen to pull before this was done, which caused the brace to fall on plaintiff, the negligence of the foreman warranted a verdict in plaintiff's favor.

2.—Same—Assumed Risk.

In raising the brace plaintiff assumed only the risk of dangers either known to him or open and apparent, but not of dangers caused by the negligent act of the foreman.

3.—Same—Charge of Court.

Where the general charge restricted plaintiff's recovery to the sole ground of the foreman's negligence in giving the order to pull the rope at the time plaintiff was attempting to lift the brace, it was not error for the court to refuse an instruction that if the men, other than the foremen, pulled the rope, without specific directions from him, thereby causing the injury, the defendant would not be liable.

4.—Practice on Appeal—Harmless Error—Superfluous Evidence.

Where it is conceded that the injuries proved are sufficient to support the verdict in plaintiff's favor, the improper admission of other evidence as to the injuries is harmless.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*T. S. Miller* and *Head & Dillard,* for appellant.

*Randell & Wood,* for appellee.

BOOKHOUT, Associate Justice.—This suit was filed by the appellee against the appellant to recover damages for personal injuries incurred through the negligence of appellant. A trial resulted in a verdict and judgment for the plaintiff, and the defendant has appealed.

1. The first assignment of error complains of the action of the court in refusing defendant's motion to instruct a verdict for the defendant made at the conclusion of the plaintiff's evidence. The substance of the plaintiff's testimony was, that at the time of the accident appellee was working for appellant on its car sheds in the city of Denison, removing a brace 30 feet long, 12 inches wide, and 2½ to 3 inches thick, which was fastened diagonally across the outside of the car sheds on some

upright pieces, the lower end being near the ground, the upper end being some twenty feet above the ground. John Corcoran was appellant's foreman, and appellee was directed by the appellant to work under the direction of said Corcoran. Corcoran directed appellee to take a maul and knock the lower end of the brace loose from said upright pieces, which appellee did. Then Corcoran directed appellee to tie a rope around the lower end of the brace, which order was obeyed. Corcoran then directed a number of appellee's colaborers to take hold of said rope and pull the brace out from the shed. In doing so, the brace struck an obstruction,—one of the rails of appellant's railroad. Appellee, under the direction of Corcoran, lifted it over the obstruction. In pulling it out it struck a second obstruction, which was a piece of wood next to another rail of appellant's railroad. Corcoran again directed appellee to come around between the brace and the men who had hold of the rope, and lift the brace over the second obstruction. Appellee, in obedience to an order of Corcoran, went up within a short distance of the brace, got hold of the rope, and as he did so he said to Corcoran to wait. When appellee pulled on said rope for the purpose of lifting said brace over said obstruction, Corcoran gave an order to the men holding the rope to pull on the same, which was obeyed, thereby suddenly loosening the brace, and the same fell upon appellee and injured him. Appellee did not know that there was anyone working at the top of the brace. He did not know that Corcoran was going to give an order to pull on the rope attached to said brace while he was in the act of lifting the same over the obstruction. On cross-examination he testified that he had been in the railroad employment about sixteen years, and a good part of that time in the building of bridges and tearing down and repairing bridges. Previous to entering upon the work in which he was injured he had been repairing cars for the appellant. He knew that the manner in which the braces were being removed from appellant's shed was accompanied with some danger. He was hurt on Friday, and a day or so after the accident Mr. Jenkins, claim agent of the appellant, drew up a statement at appellee's house and read it over to appellee. He stated that John Corcoran was there, and went on to state to Mr. Jenkins how it was, and Mr. Jenkins wrote this down. Appellee could not read, and testifies he could not sign his name. He says: "I can make scratches about it." That the signature to the statement was about like his mark. He was asked if he made the statement, "I have no blame to attach to my accident, which I consider purely an accident likely to happen to any one." He testified that he did not. On the following Monday he went to the hospital. Upon the closing of appellee's testimony, he rested his case. The attorneys for the company thereupon asked the court to instruct a verdict for the defendant, which the court declined to do.

The evidence was sufficient to require the submission of the case to the jury. If Corcoran ordered appellee to come around between the

brace and the men who had hold of the rope, and lift the brace over the second obstruction, and appellee, in obedience to such order, went up within a short distance of the brace, and took hold of the rope for the purpose of lifting the brace over the obstruction, and at the time told Corcoran to wait, and Corcoran did not wait, but ordered the men holding the rope to pull, and in obedience to said order they did pull, thereby suddenly loosening the brace and the same fell upon appellee and injured him, then he would be entitled to recover, unless, in obeying the order of Corcoran, and in attempting to lift the brace over the obstruction, he was guilty of contributory negligence. This depends upon whether an ordinarily prudent person, situated as appellee was, and with the knowledge of the facts he possessed, would have obeyed the order of the foreman and attempted to lift the brace over the second obstruction. When appellee, in obedience to the order of Corcoran, attempted to lift the brace over the obstruction, he assumed the risk of such danger, as was known to him, and such as was open and apparent. He did not assume the risk of danger caused by the negligence of the foreman. He had the right to assume that the foreman would not do any act, or give any order which would make the lifting of the brace over the obstruction more hazardous. We conclude that the act of Corcoran in giving the order to appellee to life the brace over the second obstruction, and in failing to give heed to the appellee's request to wait, and in giving the order to the other employes to pull on the rope, and in causing them to pull, was negligence, and that appellant is chargeable with the same. That said negligence was the proximate cause of appellee's injuries, and that he has sustained damages in the amount found by the jury. Appellee did not assume the risk of the danger resulting from executing the foreman's order and was not guilty of contributory negligence. There was no error in refusing to instruct a verdict for the defendant.

2. It is contended that the court erred in permitting the appellee to testify, over its objection, that Dr. Acheson, the company's doctor, examined his (plaintiff's) foot. The objection was that the evidence was irrelevant and wholly immaterial. We are of opinion that the evidence was not subject to these objections. However, if the evidence was not admissible, its admission, in view of the record, would not be ground for reversing the judgment. It is admitted by the appellant that the evidence of appellee's injuries is sufficient to support the verdict. In view of this admission, if the court had erred in admitting the testimony such error was harmless.

3. It is contended that the court erred in refusing defendant's special charge to the effect that if the men, other than Corcoran, pulled the rope, without any specific direction from him, and thereby caused the injury, the jury should find for the defendant. The court, in its general charge, restricted the plaintiff's right to recover to the sole ground of Corcoran's having given the order to pull the rope at the time plain-

tiff was undertaking to lift the brace over the obstruction. We think the main charge fairly covered this phase of the case, and that there was no error in refusing the charge.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

Writ of error refused.